THE STATE, EX REL. CURRAN ET AL., *v.* MALLORY ET AL.

JUSTICE OF THE PEACE.—*May Use More Than One Docket.*—A justice of the peace may lawfully keep and use, at one and the same time, more than one "docket," of the description required by section 18, 2 R. S. 1876, p. 608, in which to record the proceedings had and judgments rendered in any or all suits before him.

From the Wayne Circuit Court.

*C. H. Burchenal, T. J. Study* and *W. F. Medsker,* for appellants.

*H. C. Fox,* for appellees.

HOWK, C. J.—This was a suit, by the relators of the appellant, against the appellees, on the official bond of the appellee John R. Mallory, as a justice of the peace of Jackson Township, in Wayne County, Indiana. A demurrer was sustained to the original complaint, and the relators of the appellant then filed a second paragraph of complaint, which is the only paragraph in the record, and will be treated and spoken of by us as the only complaint in the case. To this complaint the appellees, except said Mallory, demurred, for the alleged insufficiency of the facts therein to constitute a cause of action, which demurrer was overruled by the court. The appellees, except said Mallory, then answered by a general denial.

The issues joined were tried by the court without a jury, and a finding made for the appellees, and judgment was rendered accordingly. The relators of the appellant then moved the court for a new trial; which motion was overruled by the court, and to this ruling they excepted and filed their bill of exceptions.

The appellant's relators have here assigned, as error, the decision of the court below in overruling their motion for a new trial. In this motion, the following causes were assigned for such new trial:

"1st. The finding of the court is contrary to law;.

" 2d.   The finding of the court is not supported by the evidence;

" 3d.   For error of law occurring upon the trial, and excepted to by the plaintiff, in this, to wit :

" That the court erred in allowing the defendants to give in evidence, over plaintiffs' objections, the three several entries, and each of them, contained in the book identified by the witness, John R. Mitchell, the same being on pages 30 and 31, 32 and 33, and 36 and 37 of said book, the same being illegal and incompetent evidence."

The evidence on the trial was made part of the record of this cause, by a proper bill of exceptions. We find it necessary to a proper understanding of this case, and of our decision thereof, that we should give a summary at least of the facts established in the evidence :   On the 3d day of September, 1874, the appellee John R.  Mallory was duly qualified as a justice of the peace of Jackson Township, and thereafter entered upon the discharge of the duties of his office.   The other appellees were his sureties, on his official bond.   This suit was brought on this official bond; and the breach assigned by the appellant's relators was the alleged failure of the appellee Mallory, as such justice of the peace, to render and enter judgments in favor of said relators against one Henry A. Shroyer, upon his confession, in three different cases.   On the 30th day of September, 1875, Wm. F. Medsker, Esq., an attorney at law of Cambridge City, Indiana, had in his hands, for collection, three promissory notes executed by said Shroyer to the order of said relators, two for two hundred dollars each, and the third for one hundred and ninety-five dollars, all dated September 28th, 1875, and payable one day after date.   On said 30th day of September, 1875, Mr. Medsker, as such attorney, for the purpose of obtaining a confession of judgment on each of said notes, before the said Mallory as such justice, by the said Shroyer, in favor of the relators, procured from Shroyer the requisite

affidavit as to each of the notes, to the effect that he justly owed the debt evidenced thereby, and did not confess judgment therefor to defraud his creditors. Mr. Medsker, as the relators' attorney, on said last named day, filed said affidavits and notes with the appellee Mallory, as such justice, and told him to enter up judgments thereon, as soon as he possibly could, and to issue executions thereon. When the appellee Mallory entered upon the discharge of his duties, as such justice, he received a " docket" which had been used as such by his predecessor in office, which he had also used, as such justice, and which had been subsequently used by his successor in said office. This " docket" was a substantially bound volume, of 553 pages, fifteen and a half inches long and ten and a half inches wide, with the word "record" printed on its back. In this "docket" there were no judgments entered on said cognovits, in favor of said relators and against said Shroyer. When the relators' attorney, Medsker, filed the said cognovits with the justice, Mallory, and instructed him to enter up judgments thereon, the said Henry A. Shroyer was the owner of personal property, of the value of eight thousand dollars; but shortly afterward he had become wholly insolvent.

During the time the appellee John R. Mallory acted as said justice of the peace, and at the time the relators' attorney, Medsker, filed the said Shroyer's cognovits with said justice, and instructed him to enter up judgments thereon, he, the said justice, kept in his office another book, of 240 pages, substantially bound and properly indexed, which was thirteen and a half inches long and eight and a half inches wide. When the said cognovits were filed with said justice, Mallory, he rendered judgments thereon without delay, and entered the same in this last described book. In this book nineteen judgments upon confession were entered against said Henry A. Shroyer, the first dated July 29th, 1875, and the last dated Oc-

tober 30th, 1875. The judgments in favor of said relators, upon their said cognovits, were properly entered up and signed by justice Mallory, in this last mentioned book, on the 2d day of October, 1875; and on the 7th day of October, 1875, executions were issued on all of said judgments, and placed in the hands of O. N. Barnett, a constable of the proper township.

We have now given a statement of the facts of this case, as we gather the same from the record. The theory of the relators' case, as we understand it, is, that a justice of the peace, under the law of this State, can have and use but one "docket," at one and the same time, in which he must enter all judgments by him rendered; and that judgments rendered by such justice, if entered in another book kept in his office, are absolutely null and void, even though such other book may come within the statutory description of a justice's docket. In section 18 of "An act providing for the election and qualification of justices of the peace, and defining their jurisdiction, powers and duties in civil cases," approved June 9th, 1852, it is provided as follows:

"Sec. 18. Every justice shall, in a substantial bound book of not less than two hundred pages, keep a docket, in which he shall record the proceedings in full, of all suits instituted before him, which record shall contain the names of the parties at full length, a copy of the cause of action and of the set-off of the defendant, if any, and all proceedings had therein, and the amount of the judgment written out in words; and every such record of each cause, shall, when completed, be signed by such justice, and the cause noted in a proper index to be contained in such docket; and every clerk when he shall deliver to any justice his commission shall direct his attention to this section." 2 R. S. 1876, p. 608.

We are not advised of any other statutory provision, which has any direct bearing upon the case now before us.

It seems to us, that the question for our decision in this case may be thus stated : Can a justice of the peace, in this State, lawfully keep and use, at one and the same time, more than one "docket," of the proper description, in which he may lawfully record the proceedings and judgments, in all or any suits before him? We think this question must be answered in the affirmative. Certainly there is nothing in the language of the section, above quoted, which prohibits a justice of the peace from keeping and using more than one " docket," at the same time, or which requires him to record the proceedings and judgments in all suits instituted before him, in one and the same book or docket. The gist of the breach assigned by the relators, in their complaint in this suit, was the failure, as alleged, of the justice, Mallory, to render and enter judgments in favor of the relators, upon said cognovits, and against the said Henry A. Shroyer. It seems to us, that the court did not err in allowing the appellees to give in evidence the entries in the book identified as a book or " docket," kept by the justice, Mallory, in his office, and used by him for the entry of the judgments confessed by said Shroyer before him as such justice. These entries showed very clearly, that the justice, Mallory, had duly rendered and entered judgments, upon said cognovits, in favor of the relators, and against the said Shroyer, and therefore that the relators had no such cause of action against the appellees, as was stated in their complaint.

In our opinion, the relators' motion for a new trial of this cause was correctly overruled.

The judgment is affirmed, at the costs of the appellant's relators.